IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | | |
|---|---|---|
| JANE DOE III, | ) | |
| | ) | |
| Plaintiff, | ) | No. 2:05-cv-01040-EJM |
| | ) | |
| vs. | ) | **ANSWER TO COMPLAINT** |
| | ) | |
| THE ARCHDIOCESE OF DUBUQUE, | ) | |
| | ) | |
| Defendant. | ) | |

COMES NOW Defendant The Archdiocese of Dubuque and in Answer to Plaintiff's Complaint states as follows:

**PARTIES, JURISDICTION AND VENUE**

1. That it denies the allegations of paragraph 1 thereof for lack of information.

2. That it admits the allegations of paragraph 2 thereof.

3. That it denies the allegations of paragraph 3 thereof.

4. That it denies the allegations of paragraph 4 thereof.

5. That it admits the allegations of paragraph 5 thereof.

**GENERAL ALLEGATIONS**

6. That it hereby incorporates by reference its answers to Paragraphs 1 through 5 as though fully set forth herein.

7. That it denies the allegations of paragraph 7 thereof for lack of information.

8. That it admits the allegations of paragraph 8 thereof.

9. That it admits the allegations of paragraph 9 thereof.

10. That it denies the allegations of paragraph 10 thereof.

11. That it denies the allegations of paragraph 11 thereof for lack of information.

12. That it denies the allegations of paragraph 12 thereof for lack of information.

13. That it denies the allegations of paragraph 13 thereof for lack of information.

14. That it denies the allegations of paragraph 14 thereof for lack of information.

15. That it denies the allegations of paragraph 15 thereof for lack of information.

16. That it denies the allegations of paragraph 16 thereof for lack of information.

17. That it denies the allegations of paragraph 17 thereof for lack of information.

18. That it denies the allegations of paragraph 18 thereof for lack of information.

19. That it denies the allegations of paragraph 19 thereof for lack of information.

20. That it denies the allegations of paragraph 20 thereof for lack of information.

21. That it denies the allegations of paragraph 21 thereof for lack of information.

22. That it denies the allegations of paragraph 22 thereof for lack of information.

23. That it denies the allegations of paragraph 23 thereof.

24. That it denies the allegations of paragraph 24 thereof.

25. That it denies the allegations of paragraph 25 thereof.

26. That it denies the allegations of paragraph 26 thereof.

27. That it denies the allegations of paragraph 27 thereof.

28. That it denies the allegations of paragraph 28 thereof.

29. That it denies the allegations of paragraph 29 thereof.

30. That it denies the allegations of paragraph 30 thereof.

## COUNT I - ASSAULT AND BATTERY

31. That it hereby incorporates by reference its answers to Paragraphs 1 through 30 as though fully set forth herein.

32. That it denies the allegations of paragraph 32 thereof for lack of information.

33. That it denies the allegations of paragraph 33 thereof for lack of information.

34. That it denies the allegations of paragraph 34 thereof for lack of information.

35. That it denies the allegations of paragraph 35 thereof for lack of information.

36. That it denies the allegations of paragraph 36 thereof.

WHEREFORE, Defendant The Archdiocese of Dubuque prays that Count I of Plaintiff's Complaint be dismissed at Plaintiff's cost.

## COUNT II - SEXUAL ABUSE

37. That it hereby incorporates by reference its answers to Paragraphs 1 through 36 as though fully set forth herein.

38. That it denies the allegations of paragraph 38 thereof for lack of information.

39. That it denies the allegations of paragraph 39 thereof for lack of information.

40. That it denies the allegations of paragraph 40 thereof for lack of information.

41. That it denies the allegations of paragraph 41 thereof.

WHEREFORE, Defendant The Archdiocese of Dubuque prays that Count II of Plaintiff's Complaint be dismissed at Plaintiff's cost.

## COUNT III - INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

42. That it hereby incorporates by reference its answers to Paragraphs 1 through 41 as though fully set forth herein.

43. That it denies the allegations of paragraph 43 thereof for lack of information.

44. That it denies the allegations of paragraph 44 thereof.

45. That it denies the allegations of paragraph 45 thereof.

46. That it denies the allegations of paragraph 46 thereof.

47. That it denies the allegations of paragraph 47 thereof.

48. That it denies the allegations of paragraph 48 thereof.

WHEREFORE, Defendant The Archdiocese of Dubuque prays that Count III of Plaintiff's Complaint be dismissed at Plaintiff's cost.

## COUNT IV - BREACH OF FIDUCIARY DUTY

49. That it hereby incorporates by reference its answers to Paragraphs 1 through 48 as though fully set forth herein.

50. That it denies the allegations of paragraph 50 thereof.

51. That it denies the allegations of paragraph 51 thereof.

52. That it denies the allegations of paragraph 52 thereof.

53. That it denies the allegations of paragraph 53 thereof.

WHEREFORE, Defendant The Archdiocese of Dubuque prays that Count IV of Plaintiff's Complaint be dismissed at Plaintiff's cost.

## COUNT V - NEGLIGENT HIRING, SUPERVISING, WARNING, DOCUMENTING, AND/OR RETAINING BY DEFENDANT DIOCESE

54. That it hereby incorporates by reference its answers to Paragraphs 1 through 53 as though fully set forth herein.

55. That it denies the allegations of paragraph 55 thereof.

56. That it denies the allegations of paragraph 56 thereof.

57. That it denies the allegations of paragraph 57 thereof.

58. That it denies the allegations of paragraph 58 thereof.

59. That it denies the allegations of paragraph 59 thereof.

WHEREFORE, Defendant The Archdiocese of Dubuque prays that Count V of Plaintiff's Complaint be dismissed at Plaintiff's cost.

## COUNT VI - CIVIL CONSPIRACY

60. That it hereby incorporates by reference its answers to Paragraphs 1 through 59 as though fully set forth herein.

61. That it denies the allegations of paragraph 61 thereof for lack of information.

62. That it denies the allegations of paragraph 62 thereof.

63. That it denies the allegations of paragraph 63 thereof.

64. That it denies the allegations of paragraph 64 thereof.

65. That it denies the allegations of paragraph 65 thereof.

WHEREFORE, Defendant The Archdiocese of Dubuque prays that Count VI of Plaintiff's Complaint be dismissed at Plaintiff's cost.

## AFFIRMATIVE DEFENSES

COMES NOW Defendant The Archdiocese of Dubuque and in further Answer to Plaintiff's Complaint affirmatively states as follows:

1. Plaintiff's claims are barred by the statute of limitations.

2. Plaintiff's claims are barred by the statute of limitations existing at the time of the alleged acts and those that applied since the alleged acts.

3. At no time during the period in question was Father Patrick W. McElliott an employee of The Archdiocese of Dubuque.

4. If Plaintiff's allegations against Father Patrick W. McElliott are true, Father Patrick W. McElliott was acting outside the scope of his priestly duties and those actions were neither condoned nor tolerated by this Defendant.

5. If Plaintiff's allegations against Father Patrick W. McElliott are true, Father Patrick W. McElliott was not acting as an agent of The Archdiocese of Dubuque, and at no time did The Archdiocese of Dubuque intend or authorize the alleged acts which form the basis of this lawsuit.

6. If Plaintiff's allegations against Father Patrick W. McElliott are true, Father Patrick W. McElliott was not acting as an agent of The Archdiocese of Dubuque, and whatever defenses Plaintiff has against the statute of limitations apply only to the alleged perpetrator and do not apply against The Archdiocese of Dubuque.

7. Matters relating to the hiring, supervising, warning, documenting and/or retaining of priests by The Archdiocese are a matter of Canon Law and protected by the First Amendment to the Constitution of the United States of America.

8. The relationship between The Archdiocese and its priests is governed by Canon Law, and examination of this relationship is prohibited by the provisions of the First Amendment to the Constitution of the United States of America.

WHEREFORE, Defendant prays that Plaintiff's Complaint be dismissed at Plaintiff's cost.

> THE ARCHDIOCESE OF DUBUQUE,
> Defendant
>
> By   /s/ Brendan T. Quann
>     Brendan T. Quann            000004440

By /s/ Davin C. Curtiss
Davin C. Curtiss    000014786

Mailing Address:
O'CONNOR & THOMAS, P.C.
P. O. Box 599
Dubuque, IA  52004-0599

Physical Address:
O'CONNOR & THOMAS, P.C.
Dubuque Building
700 Locust Street, Ste. 200
Dubuque, IA 52001-6874

Telephone:  (563) 557-8400
Facsimile:   (563) 556-1867
E-mail: bquann@octhomaslaw.com
            dcurtiss@octhomaslaw.com

Attorneys for said Defendant.

Original filed electronically.

Copies to:

Attorneys Thomas L. Staack and
        Chad A. Swanson
Dutton, Braun, Staack & Hellman, P.L.C.
3151 Brockway Road
P.O. Box 810
Waterloo, IA 50704

Attorney Timothy D. Kosnoff
Law Offices of Timothy D. Kosnoff
One Union Square
600 University Street, Ste. 2101
Seattle, WA 98101